# In the United States Court of Federal Claims

No. 23-85C
(Filed: October 17, 2023)
**NOT FOR PUBLICATION**

```
*****************************************
CESAR R. VAZQUEZ TORRES,            *
                                    *
                Plaintiff,          *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
                Defendant.          *
                                    *
*****************************************
```

## OPINION AND ORDER

Plaintiff Cesar R. Vazquez Torres, proceeding *pro se*, challenges decisions by the Army Board for Correction of Military Records ("ABCMR") and the Army Discharge Review Board ("ADRB") denying his requests to amend his military record. *See* Compl. (ECF 1); Administrative Record 1–15, 67–82, 154–65, 419, 425–33 (ECF 18) ("AR").[1] Plaintiff requests medical retirement, backpay from the date of his discharge, and a promotion. Compl. at 7. The government has moved for judgment on the administrative record and Plaintiff has moved for summary judgment.[2]

Substantial evidence supports the ABCMR's decision that Plaintiff is not entitled to disability retirement. But Defendant has not meaningfully addressed Plaintiff's other claims. Defendant's motion is therefore **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's motion for summary judgment is **DENIED**.

## BACKGROUND

When Plaintiff enlisted in the Puerto Rico National Guard on October 3, 2011, he did not disclose any history of mental or behavioral health concerns. AR 4, 33, 344–56. A physician indicated his psychiatric condition was "normal" a year before his enlistment. AR 344. However, Plaintiff began to show symptoms of mental health

---

[1] After the Complaint was filed, the ABCMR denied another upgrade request. *See* Pl.'s Mot. to Include Add. to Compl., Mot. to Submit Agency Record, and Mot. for J. (ECF 10) ("Pl.'s Mot. to Include Add."). That ruling is not at issue in this case.

[2] Def.'s Mot. for J. on the Administrative R. (ECF 19); Pl.'s Mot. For Summ. J. (ECF 14). Plaintiff filed a response (ECF 21), the government filed a reply (ECF 22), and Plaintiff filed a sur-reply (ECF 24).

issues within two weeks of reporting for active duty on October 25, 2011. AR 4. On November 10, 2011 a health care provider at Fort Leonard Wood assigned Plaintiff "a temporary profile for an adjustment disorder." *Id.*

Five days later, an Entrance Physical Standards Board ("EPSBD") found Plaintiff had "mental health conditions that existed prior to service" which "[i]f detected at the time of enlistment date … would have prevented enlistment in the military." AR 241. The EPSBD recommended Plaintiff's prompt separation from the military. AR 242. Plaintiff agreed, and he was discharged shortly thereafter. AR 6, 54–55, 242, 341, 479, 509. His military service lasted only several weeks.

Plaintiff's first request for a change in the characterization of his discharge was denied by the ADRB in 2013. AR 10, 426. His subsequent requests to the ABCMR for a discharge characterization upgrade and medical retirement were denied in 2017, 2019, and 2021. AR 2–3, 68–82, 154–65. In its 2021 decision, the ABCMR concluded that "the evidence presented does not demonstrate the existence of a probable error," because Plaintiff "was medically unfit for a condition that was neither incurred in nor aggravated by his active service." AR 12–13.

## DISCUSSION

### I. Disability Retirement

Plaintiff raises substantive and procedural arguments supporting his claim for disability retirement. I address them in turn.

#### A. Jurisdiction

Plaintiff's principal claim seeks medical disability retirement. *See* 10 U.S.C. § 1201. That claim is within this Court's subject matter jurisdiction. *Fisher v. United States*, 402 F.3d 1167, 1174–75 (Fed. Cir. 2005) (citing *Sawyer v. United States*, 930 F.2d 1577, 1580 (Fed. Cir. 1991)).

The statute of limitations governing claims in this Court is jurisdictional, which means the Court must address it even if not raised by the parties. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 132–34 (2008). All claims before this Court are barred if filed more than six years after the claim first accrues. 28 U.S.C. § 2501. For disability pay claims, the six-year statute of limitations generally runs from "[t]he decision by the first statutorily authorized board that hears or refuses to hear the claim" for disability retirement. *Chambers v. United States*, 417 F.3d 1218, 1224 (Fed. Cir. 2005). The first statutorily authorized board to deny Plaintiff's disability retirement request was the ABCMR, which did so on April 4, 2017. AR 154–65. Because that decision came less than six years before Plaintiff filed suit in January 18, 2023, *see* Compl., those claims are timely.

## B. Legal Standard

When resolving motions for judgment on the administrative record under RCFC 52.1(c), this Court proceeds "as if it were conducting a trial on the record." *Bannum, Inc. v. United States*, 404 F.3d 1346, 1353–54 (Fed. Cir. 2005) (addressing former RCFC 56.1). The Court reviews decisions of military records correction boards under the standards of the Administrative Procedure Act. *Walls v. United States*, 582 F.3d 1358, 1367 (Fed. Cir. 2009); *see* 5 U.S.C. § 706. That requires evaluating whether the ABCMR's decision was "arbitrary, capricious, unsupported by substantial evidence, or contrary to law." *Metz v. United States*, 466 F.3d 991, 998 (Fed. Cir. 2006) (quoting *Porter v. United States*, 163 F.3d 1304, 1312 (Fed. Cir. 1998)).

This standard of review is especially demanding when it comes to fitness for military service, which is not a "judicial province." *Heisig v. United States*, 719 F.2d 1153, 1156 (Fed. Cir. 1983). This Court "may appropriately decide whether the military followed [its] procedures[.]" *Murphy v. United States*, 993 F.2d 871, 873 (Fed. Cir. 1993). While it may not "reweigh[] the evidence" before the ABCMR, *see Heisig*, 719 F.2d at 1157, the Court also may consider whether the Board considered "the relevant factors," *Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 285 (1974) (quoting *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416 (1971)), and was "supported by substantial evidence," *Heisig*, 719 F.2d at 1157.

To be supported by "substantial evidence," the Board's decision must be based on "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the ABCMR complied with the necessary procedures and reached a decision rationally supported by substantial evidence, it must be upheld. *Stine v. United States*, 92 Fed. Cl. 776, 791 (2010), *aff'd*, 417 F. App'x 979 (Fed. Cir. 2011). To refute the ABCMR's decision, a plaintiff's evidence must be "cogent and clearly convincing." *Strahler v. United States*, 158 Fed. Cl. 584, 593 (2022) (quoting *Stuart v. United States*, 123 Fed. Cl. 413, 421 (2015)).

## C. Substance

Plaintiff would be entitled to medical retirement if he "incurred" a disability "while entitled to basic pay" that rendered him "unfit to perform the duties of [his] office, grade, rank or rating," and such disability was "of a permanent nature and stable." 10 U.S.C. § 1201(a)–(b). The principal substantive question is whether the ABCMR's denial of disability retirement was supported by substantial evidence and was not arbitrary, capricious, or contrary to law. AR 157; *Strahler*, 158 Fed. Cl. at 593. I conclude that within the scope of review, the ABCMR's decision was sound.

Plaintiff's chief substantive claim is that he is entitled to disability retirement because his mental conditions were caused or aggravated by his service. AR 93; Compl. at 4. Although a rebuttable presumption exists that members are fit upon their entrance into the military, Army Reg. 635–40 ¶ 3–2(a) (2006), Army regulations authorize medical personnel to find that a chronic medical condition preexisted military service when clear and unmistakable evidence indicates the condition manifested so soon after entry into service the service could not have caused it. 10 U.S.C. § 1201(b)(3)(B)(i); 38 U.S.C. § 1111; *Kent v. Principi*, 389 F.3d 1380, 1383 (Fed. Cir. 2004); 38 C.F.R. § 3.304(b); Army Reg. 635–40 ¶ 3–3(a)(2) (2006). Here, the EPSBD determined on that basis that Plaintiff's conditions existed before his service, AR 241–42, as did an advisory opinion prepared at the ABCMR's request, AR 175. The ABCMR agreed. AR 164–65. The ABCMR's conclusion that Plaintiff was unfit at the time he entered the military, and that his mental conditions were not caused or aggravated by his service, is supported by substantial evidence — specifically, the brevity of Plaintiff's military service — and therefore cannot be overturned. *Heisig*, 719 F.2d at 1157; *see also Strahler*, 158 Fed. Cl. at 593.

Plaintiff has been awarded service-connected disability benefits from the Department of Veterans Affairs ("VA"). *See* Compl. at 4; Compl., Ex. A; AR 93, 103–05. The ABCMR, however, is not bound by the VA's disability evaluations or service-connection decisions. *See Banerjee v. United States*, 77 Fed. Cl. 522, 528–30, 548 (2007). Therefore, the VA's award of benefits to Plaintiff does not control either the ABCMR's or this Court's decision.

I have, as required, considered all the evidence in the record. *See Dixon v. Dep't of Transp., F.A.A.*, 8 F.3d 798, 804 (Fed. Cir. 1993). Viewed in light of the entire record, substantial evidence supports the ABCMR's conclusion that Plaintiff is not entitled to a medical retirement with disability pay.

### D. Procedure

Plaintiff also objects that the Army violated its regulations by discharging him without a Medical Evaluation Board ("MEB"). Compl. at 5–6; Pl.'s Mot. to Include Add. at 20–28 (using the electronic filing system's auto-pagination). That argument fails as well.

Assuming Plaintiff should in fact have had the benefit of an MEB, the issue before the Court is not whether Plaintiff's discharge was procedurally sound in every respect, but whether to uphold the ABCMR's determination he was ineligible for medical retirement. While this Court may "decide whether the military followed [its] procedures," *Murphy*, 993 F.2d at 873, it also applies the rule of harmless error. *See Wagner v. United States*, 365 F.3d 1358, 1361 (Fed. Cir. 2004); 5 U.S.C. § 706. The

ABCMR, moreover, is empowered to make determinations of fitness in the first instance, even if additional medical processing at the time of discharge might have been appropriate. *Sawyer*, 930 F.2d at 1581 ("[I]n disability cases … the correction board is competent to make a disability determination in the first instance."); *see also Ferrell v. United States*, 23 Cl. Ct. 562, 568 (1991). Because the ABCMR denied Plaintiff's claim after a full consideration of the same evidence the MEB would have considered, any error was harmless.

## II. Other Issues

Plaintiff's claim for disability retirement is not, however, his only claim: He also seeks backpay and a promotion. Compl. at 7. Those claims are within this Court's subject matter jurisdiction as well. 37 U.S.C. § 204; *James v. Caldera*, 159 F.3d 573, 581–82 (Fed. Cir. 1998); *Young v. United States*, 497 F. App'x 53, 58 (Fed. Cir. 2012).

But Defendant hardly addresses those claims. At most, Defendant seems to argue that those claims should be dismissed for the same reasons as the disability retirement claim. *See* Def.'s Mot. for J. on the Administrative R. at 1, 2. That might not, however, accurately characterize how Plaintiff's claims relate to each other. The claim for disability retirement, after all, presumes that Plaintiff was properly discharged, *see* 10 U.S.C. § 1201, while claims for backpay and a promotion presume that he was not. Plaintiff is allowed to pursue inconsistent claims, *see* RCFC 8(d), and Defendant should address Plaintiff's claims separately.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Administrative Record is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's Motion for Summary Judgment is **DENIED**. Plaintiff's Motion to Restore Initial Deadline (ECF 9) and Motion for Clarification (ECF 25) are **DENIED AS MOOT**. Plaintiff's Motion to Include Addendum (ECF 10) is **GRANTED IN PART** as to the submitted addendum and otherwise **DENIED**. Plaintiff's Motion to Include FOIA Request (ECF 15) is **DENIED**. Defendant shall file a motion for judgment on the administrative record as to Plaintiff's remaining claims no later than **December 18, 2023**. Subsequent filings should follow the deadlines set by RCFC 7.2(c).

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge